UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| BRIAN GARDNER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-85-SNLJ |
| | ) | |
| STE. GENEVIEVE COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Brian Gardner (registration no. 60627) for leave to commence this action without payment of the required filing fee [Doc. #3]. The Court will grant the motion and assess plaintiff an initial partial filing fee of $12.40. In addition, after reviewing the amended complaint [Doc. #7] and for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $62.00, and an average monthly balance of $53.80. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.40, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

3

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The First Amended Complaint

Plaintiff, an inmate at the Ste. Genevieve Detention Center, seeks monetary relief in this 42 U.S.C. § 1983 action against the Ste. Genevieve County Jail, N. Ems (a correctional officer), Unknown Slankman (a correctional officer), Unknown Karol (a sergeant), and Gary Stolzer (the sheriff). For his "Statement of Claim," plaintiff summarily states, "[A]ll the issues raised in the original petition stand here. Specifically, 8th and 14th constitutional rights violations." In addition, he states that he "would like to [be] transferred to another federal holdover."[1]

---

[1] On August 4, 2014, the Court received copies of three inmate grievance forms from plaintiff, which have been docketed as a supplement to the complaint [Doc. #8]. Because the Court does not allow plaintiffs to amend their complaints by interlineation or supplementation, Document #8 will be stricken from the record. All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.

## Discussion

Plaintiff brings this action against defendants Ems, Slankman, Karol, and Stolzer in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant amended complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, as to defendants Ems, Slankman, Karol, and Stolzer, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted.

The Court finds that the amended complaint is also legally frivolous as to defendant Ste. Genevieve County Jail, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v.*

*City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).

As additional grounds for dismissing this action, the Court notes that to state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) defendant's alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). In the instant case, plaintiff has failed to allege that any of the named defendants personally participated in the violation of his constitutional rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Last, the Court notes that transfers to another prison are entirely within the discretion of prison officials. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984).

Moreover, prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. *See Hewitt v. Helms*, 459 U.S. 460, 469 (1983). Plaintiff has failed to allege the existence of such a law.

For these reasons, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $12.40 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's supplement to the complaint [Doc. #8] is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE